O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND HUNT, )<br> )<br> Petitioner, )<br> )<br> v. )<br> )<br>LARRY SMALL, )<br> )<br> Respondent. )<br> ) | Case No. CV 08-7957-CAS(AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION<br>WITHOUT PREJUDICE |

 Petitioner filed a petition for a writ of habeas corpus by a person in state custody on December 3, 2008. The petition was stayed pursuant to petitioner's request, so that he could exhaust his state court remedies. On February 17, 2010, the stay was vacated after petitioner indicated that the California Supreme Court had denied his habeas corpus petition. On April 15, 2010, respondent filed a motion to dismiss the petition, arguing in part that petitioner has failed to exhaust his state remedies with respect to all three of the claims for relief presented in the petition. On June 11, 2010, petitioner filed a motion entitled "Motion to Withdraw Federal Writ of Habeas Corpus," in which he seeks to voluntarily dismiss the petition without prejudice.

 Recognizing that he has not exhausted his state remedies with

1 regard to each of the claims included in his federal petition,
2 petitioner requests that the Court dismiss his petition without
3 prejudice. Petitioner indicates that he intends to complete state
4 review of his unexhausted claims before returning to this Court with
5 all of his claims.

6 Because respondent has filed neither an answer nor a motion for
7 summary judgment, petitioner arguably has an absolute right to dismiss
8 this action by notice. See 8 Moore's Federal Practice § 41.33[5][b]
9 (3d ed. 2008). Accordingly, his motion to dismiss might be treated as
10 a notice of dismissal that is effective without a court order. See
11 Fed. R. Civ. P. 41(a)(1)(A)(i).

12 Assuming, however, that an order of dismissal is required because
13 respondent refers the court to lodged documents, arguably making its
14 motion to dismiss analogous to a motion for summary judgment, see 8
15 Moore's Federal Practice § 41.33[5][c](3d ed. 2008), the outcome is
16 the same.

17 Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a
18 plaintiff (or petitioner) may voluntarily dismiss an action with court
19 approval. Whether a request for voluntary dismissal should be granted
20 lies within the discretion of the district court. Westlands Water
21 District v. United States, 100 F.3d 94, 96 (9th Cir. 1996); Hamilton
22 v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).
23 Generally, a plaintiff's request for dismissal should be granted
24 unless the defendant will be legally prejudiced as a result. See
25 Westlands Water District, 100 F.3d at 96; Hamilton, 679 F.2d at 145.

28 There is no reason why petitioner's request should not be

granted. Respondent has filed a motion to dismiss the petition on the ground that it is not exhausted. Since dismissal without prejudice for failure to exhaust state remedies is what respondent is seeking, allowing petitioner to dismiss voluntarily would not cause respondent to suffer any legal prejudice. Moreover, petitioner has proffered a good reason for his request for dismissal.

For the foregoing reasons, petitioner's motion is **granted** and the petition is dismissed without prejudice to its refiling after petitioner exhausts his state remedies.[1]

**IT IS SO ORDERED.**

Dated: June 24, 2010

_____
Christina A. Snyder
United States District Judge

---

[1] Petitioner is notified that any future federal petition will be subject to the one year period of limitation set forth in 28 U.S.C. §2244(d)(1). Although the limitation period is tolled during the pendency of a properly filed state petition, it was not tolled during the pendency of this federal petition. The Court expresses no opinion concerning the timeliness of any future federal petition.

3